OPINION of the Court, by
Judge Clark.
The appellees exhibited their bill in the court below, against the appellant, to obtain a conveyance for one half of a ae'drment and pre-emption of 1400 acres of land. 1 he bill states that their ancestor, John Lapsley, being entitled to a settlement and pre-emption of 1400 acres of landj in the state of Kentucky, agreed with the appellant to give him one half lor locating and carrying the same into grant. That the appellant turn ptitk usly and fraudulently assigned the pre-unpticn warrant to himself, had the entry made in his own name, and obtained a patent for both the settlement and pre-emption to himself. They charge the defendant with a hand in surveying the settlement and pre-emption erroneously, and contrary to location, and taking a part which *74 ought to have been included ⅛ the survey, by a t'reá» sury warrant hi his owe name.
Upon bill brought by the heirs of L>. to have one equal moiety of the whole quantity ot lan :» C. in-fifts upon the eompromifes & dmlion made as valid, and therefore that he fhatll convey only according . to the dív¡lk>n&
C. had no au thoricy to dii-pofe of any part fo as to aifect L.’s intereft.
That ni order to secure his treasury warrant claim from the claim of William Drvden, who had purchased John W.Ison’s settlement and pre-emption, which int'-ddred with a part of their ancestor’s settlement and pre-ernpbr n, and also with the defendant’s claim under his treasury warrant,he gave to Dryden his bond for 150 aeres, pa: t of their settlement and pre-emption, and took from linn a b .-n-l for so much of his claim as interfered with til. t.easury warrant tract. That he has fraudulently conveyed 150 acres to Frederick Brown, under a pretencL-d compromise, in quieting a claim in the name of T¡ rout-, which bkev íse interfered with the settlement and prc-empticn. They charge the claims with which the eemp.etnhes were made to have been vague mid empuo acres, fend , i,v.' to netrs. 1 hat the settlement and pre- \ cruained a surplus of one or two hundred Tmy likewise deny the authority given the de-.‘■xieudud to a
Ity ha erppti a^pelbot answer Laps- or'ginally a right to the settlement and pre-but 'tal-s h>, was to have one half for obtaining the certificate from the commissioners ; admits he made the assignment to himself, for the purpose of quieting, with more facility, the adverse claims upon the land, and not with an intention of fraud. That there were interfering claims, which he was advised were superior to the settlement and pre-emption of Lapsley, and the land charged to have been sold by him was disposed of in quieting those claims. That when Lapsley cante to the country, he appeared satisfied with what had been done, and that a division was made between them, and the line marked* That Lapsley settled upott the part assigned to him, where he resided until his death. He admits he has not made a deed, and states he has always been ready to make one when demanded.
The court below disregarded the division line' set tip by Campbell, and decreed a conveyance for 700 acres, part • the settlement and pre-emption.
There are two questions in this case — ‘1st, Whether Campbell, who appears improperly to have acquired the legal utle to the land in dispute, had a right, without *75 special authority from Lapsley, to dispose of any part of it, so as to affect Lapsley’s interest.
As between 1⅛ and C, the lat - ter can ftand ⅛ no better fixation tnan lithe grants had HTue4 rightfully to La
Equity ' willy-compel C. to convey a moiety of ' the.. wholes unlefs he ¿hews that he:-a£ted‘ for the benefit of L in com-promifing, m has done .no more than equity would have compelled L. to do.
The divifion being unequal,, and accompanied by evioen-ees of fraud or miftake, is not obligatory.
C. failing to íhew' that he conveyed to claims of fupe-rior dignity, is decreed to convey one equal moiety of the whole landsfar* vcycii
There is no testimony in, the cause that would warrant a presumption that the power given Campbell.extended farther than to locate .and carry the ¿¡¿aim into grant: indeed he states expressly in his ans#«r that he was only to procure a certificate from the cotomission-ers. Nor is there .any thing that will justify a belief that he was authorised to assign either the survey for the settlement or the warrant for pre-emption to himself. On the contrary, the assignment, if not made with a view of defrauding Lapsley of his whole claim, was at least contrary to his wish and desire.
Had the claim been patented in the name of the real proprietor, it is conceived he could have made no disposition of it, so as to affect the interest of Lapsley. He would not have been bound by the act of his agent, Unless it came clearly within the scope of his authority.
When the contest is between Campbell and Lapsley, the fraudulent procurement of the legal title ought. not to place him in a better situation than he would have been had the title remained in Lapsley. He held the legal title to one half of the settlement and pre-emption in trust for Lapsley.
Equity will compel him to convey, unless he can shew clearly that he has disposed of it for LapsleyLbe-nefit, or has done no more than equity would have compelled Lapsley to do. It does not appear the claims which were quieted by the conveyance of the 300 acres were of superior dignity to the claim of Lapsley.
The second point is, how far the agreement for the division alleged by the defendant to have taken place between him and the ancestor of the.complainants ought to have been respected By the court.. From the testimony we cannot doubt.but a line of division was agreed on between the defendant and John Lapsley in his lifetime ; and that Lapsley settled and resided' upon.the part assigned to him for a number of years. If. this division had been equal, as it was accompanied by possession for a considerable length of dine, the court ought to have respected it. It was not only greatly unequal in quantity, but lit sdil ; and there are strong circumstances shewing a fraud practised by Campbell io the division. Lapsley.it appears was unacquainted wit;» *76 the art of surveying ; Campbell was the surveyor that rlin thedivision line, and made the calculations. This inequality in the division can only be accounted for by supposing fraud or mistake, either oí which was a suffer cicnt ground for not enforcing it.-~*-Decree affirmed*.